# IN THE COURT OF APPEALS OF IOWA

No. 18-1200
Filed July 24, 2019

**DAVID and RACHAEL SOKOL,**
    Plaintiffs-Appellants,

**vs.**

**ROBERT and EILEEN MORRISSEY,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Homebuyers appeal the district court's denial of their breach-of-implied-warranty claim. **AFFIRMED.**

Billy J. Mallory and Allison M. Steuterman of Brick Gentry, P.C., West Des Moines, for appellants.

Kenneth R. Munro of Munro Law Office, P.C., Des Moines, for appellees.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

For the second time, homebuyers David and Rachael Sokol appeal an adverse ruling in their lawsuit against seller Bob Morrissey. In their first appeal, we remanded for the district court to decide whether Morrissey, as the builder-vendor, breached the implied warranty of good and workerlike construction.[1] *Sokol v. Morrissey*, No. 16-0801, 2017 WL 4838821, at *9 (Iowa Ct. App. Oct. 25, 2017). That action has five elements:

> (1) the house was constructed to be occupied as a home; (2) the house was purchased from a builder-vendor, who constructed it for the purpose of sale; (3) the house was not constructed in a good and work[er]like manner; (4) the buyer was unaware of the defect [and had no reasonable means of discovering it]; and (5) the buyer suffered damages.

*Flom v. Stahly*, 569 N.W.2d 135, 142 (Iowa 1997) (citing *Kirk v. Ridgway*, 373 N.W.2d 491, 496 (Iowa 1985)).

In this appeal, the Sokols contest the district court's decision they failed to satisfy the fourth element—that they were unaware of the defects or had no reasonable way to discover those defects when they bought the house. The Sokols insist most of the defects were latent and not detected by their pre-purchase home inspection. Because substantial evidence supports the district court's ruling, we affirm.

---

[1] In that decision, we adopted "workerlike" as the gender-neutral equivalent of "workmanlike" construction. *See* Barry A. Lindahl, Iowa Practice Series: (Iowa Civil Practice Form) § 24:48 (Mar. 2019 update) (featuring petition against contractor-vendor for breach of implied warranty of workerlike construction); *see also Kirby Offshore Marine Pac., LLC v. Emerald Servs., Inc.*, No. 2:17-CV-0224RSL, 2017 WL 2215819, at *1 n.1 (W.D. Wash. May 19, 2017) (describing "workmanlike" as "outdated" and finding "workerlike" to be "more appropriate").

## I.    Facts and Prior Proceedings

A detailed history of the house Morrissey built on Northwest Beaver Drive in Johnston appears in our first decision.  *Sokol*, 2017 WL 4838821, at *1–3.  We will repeat only those parts of the narrative necessary to today's appeal.

The Sokols offered to purchase the house in June 2009.  That same month, they had the home inspected.  The inspector, Michael LeBlanc with The Brick Kicker, returned an eleven-page report.  The report included comments on the building exterior (e.g., "Holes were found in the side that need repair") and the mechanical systems (e.g., "Active water drips and/or leaks were observed at one or more locations.  Proper repair by a licensed plumber is recommended"). The Sokols agreed to move forward with the purchase after Morrissey agreed to make certain repairs.

The Sokols took possession in July 2009.  Within three months and over the next five years they experienced many problems with the home, including malfunctions of the geothermal unit, electrical issues, leaking faucets, flooded basement, and cracks in the siding.[2]

In 2014, they sued the sellers, Robert and Eileen Morrissey.[3]   The homebuyers' petition alleged (1) breach of written contract, (2) breach of several implied warranties, (3) misrepresentation or concealment, (4) negligent misrepresentation, (5) negligence, (6) violation of disclosure requirements in Iowa

---

[2] The inspector called the siding "EIFS/Synthetic Stucco," which the Sokols described as a "foam-like" product.  Morrissey testified it was "a European finish . . . developed in Germany after World War II . . . to insulate the house and have a permanent finish on the outside."

[3] Because Eileen was diagnosed with dementia, she could not participate in the trial.  In this appeal, we will refer to the defendants jointly as Morrissey.

Code chapter 558A (2014), and (7) breach of express warranty. In August 2015, the Sokols hired general contractor Douglas Baker to evaluate the condition of the house. His report addressed these issues: the EIFS siding, gutter drainage, retaining wall, electrical and security systems, geothermal unit, roofing, interior finish, deck, and water damage. As an expert witness, he testified to seeing numerous construction deficiencies at the Sokols' home. He offered his opinion the builder did not properly install the EIFS siding, and it needed repair.

Following the bench trial, the district court awarded $20,737.80 to the Sokols based on Morrrisey's violation of the statutory disclosure requirements. Those damages covered repairs to the geothermal heating unit and electrical defects in can lights. The district court rejected the Sokols's remaining claims.

In the first appeal, we affirmed the district court in all respects—save one. We reversed the court's finding that Bob Morrissey did not qualify as a builder-vendor under the test for an implied warranty of good and workerlike construction. *Id.* at *9. Because the district court's conclusion rested on that element, we remanded for the court to consider whether the Sokols proved the remaining breach-of-implied-warranty requirements. *Id.* at *7–9. We directed the district court to sort out the legal claim on the existing record. *Id.* at *11.

The district court regained jurisdiction of the case in March 2018. After an informal status conference, both sides filed briefs on the implied-warranty claim. In June 2018, the district court entered an order in favor of Morrissey. The Sokols now appeal.

## II. Scope and Standard of Review

As we found in the first appeal, our review is for the correction of legal error. *See* Iowa R. App. P. 6.907. "We are bound by the district court's findings of fact if they are supported by substantial evidence." *Flom*, 569 N.W.2d at 139 (citation omitted). "Evidence is substantial when a reasonable mind would accept it as adequate to reach the same findings. Evidence is not insubstantial merely because it would have supported contrary inferences." *Hendricks v. Great Plains Supply Co.*, 609 N.W.2d 486, 490 (Iowa 2000) (citation omitted).

To clarify substantial-evidence review, we must not reweigh the evidence or realign the district court's determination about witness credibility. *Id.* Instead, we construe its findings "broadly and liberally." *Id.* "In case of doubt or ambiguity we construe them to uphold, rather than defeat, the judgment." *Id.*

## III. Analysis

The Sokols contend the district court erred in finding they had no right to additional damages for their claim of breach of implied warranties by the builder-vendor when they bought their home. Our supreme court first recognized the implied warranty of good and workerlike construction in home sales in *Kirk*, 373 N.W.2d at 493–94. The judicially implied warranty requires a project be done in a way expected of a "skilled" worker and "to produce definite and certain results." *See Reilly Constr. Co., Inc. v. Bachelder, Inc.*, No. 14–0817, 2015 WL 1331634, at *5 (Iowa Ct. App. Mar. 25, 2015) (quoting *Ideal Heating Co. v. Kramer*, 102 N.W. 840, 840–41 (Iowa 1905)).

*Kirk* identified the primary purpose behind this implied warranty as consumer protection. 373 N.W.2d at 494. "Defects in home construction in

stairways, heating and cooling systems, or a defective wall or ceiling pose a risk of serious injury." *Rosauer Corp. v. Sapp Dev., L.L.C.,* 856 N.W.2d 906, 910 (Iowa 2014). *Kirk* placed the cost of remedying such defects on the developer who created the danger rather than the injured party who "justifiably relied on the developer's skill and implied representation." *Id.* Here, the question for the district court was whether the Sokols' reliance was justified. *See id.*

As a threshold matter, the parties clash over what defects are at issue. The Sokols seek damages for a long list of claimed defects, including "geothermal HVAC system, electrical system, plumbing system, grading of the home, roof, EIFS and other systems in the home." Morrissey counters: "The only claims considered by the trial court (in addition to the can lighting and the geothermal system, which were already awarded) were the claims by the Sokols that the construction of the roof and the EIFS siding were in breach of an implied warranty of good work[er]ship."

Morrissey's position better reflects the district court's remand ruling. Per our direction, the district court considered the implied-warranty issue based on the facts developed at trial. In its June 2018 order, the court framed the issue like this:

> In reviewing the existing record, the Sokols's expert witness specifically testified that four areas of the home were not performed in a workerlike manner. The first two involved the geothermal system and the can lighting, but the court has already awarded damages for those defects under the chapter 558A claim. The third area was the EIFS outer wall covering system. [E]xpert, Doug Baker, testified that he viewed cracking in the EIFS system at various locations around the house. The cracking was not simply cosmetic because the cracks were large enough to allow water to leak inside the house. Mr. Baker testified that the problems were caused by improper installation. The EIFS system should be installed with a drip edge, caulking around the windows, and starter strips at the concrete grade of the home. This would allow the system to expand and contract,

which would prevent cracking. The fourth area involved placing the dryer vent above an electrical outlet, which allowed condensation from the vent to leak down onto the outlet.

The district court also mentioned Baker's testimony about "obvious" problems with "the roof and the den doors" based on his "visual inspection."

These limits on the defects considered by the district court are binding on appeal. The Sokols did not move to enlarge the court's findings under Iowa Rule of Civil Procedure 1.904(2) before filing their notice of appeal.

With those limitations in mind, we turn to the element the district court found dispositive. The key question for the district court was whether the Sokols proved they were unaware of defects in the EIFS siding, dryer vent, and roof, or had no reasonable way to discover those defects. The court reviewed the trial record and concluded those defects were not hidden, but discoverable when the Sokols bought the house. The court detailed the factual basis for its ruling:

> The Sokols' home inspector found cracking in the EIFS system prior to purchase. They asked Mr. Morrissey to repair the cracks prior to closing. Mr. Baker visually saw the defects in the EIFS system (the lack of drip edges, caulking, and starter strips) when he performed his inspection of the house prior to trial. Those same defects would have been visible at the time the Sokols purchased the home. The same point can be made as to the dryer vent, which was visible to the inspector and the Sokols at the time of the inspection.

The district court acknowledged Morrissey's accountability for holding himself out as a professional builder. But the court shifted its focus to the discovery element of the implied-warranty test, reasoning: "the Sokols are also accountable in the sense that they cannot recover for defects that they knew or should have known with reasonable discovery." The district court opined the Sokols were "wise to hire an inspector to look at the house, but the inspector did not identify defects

the Sokols' expert later identified as obvious problems." The court also faulted the Sokols for not following up on problems with the EIFS siding that their inspector *did* identify before they bought the house.

On appeal, the Sokols argue Morrissey "represented the defects noticed by the Brick Kicker were not defects or that they would be taken care of by qualified contractors." They contend only after living in the house for a few months did they realize those representations were false. The Sokols ask us to reverse the district court because it unfairly twists their decision to obtain a home inspection.

The element under consideration—whether the buyers were unaware of the defects or had no reasonable way to discover them—is heavily fact based. *See generally Kirk*, 373 N.W.2d at 497 (noting expert witnesses could not agree on what caused house paint to peel and emphasizing "[a]t the time [Kirk] bought the house there were no signs of the problem"). Here, the district court meticulously sorted through the trial testimony. It then decided the Sokols had not met their burden to show they were without reasonable means to discover the defects they now allege. It pinpointed evidence from Baker, the Sokols' expert witness, undermining their position that they could not have reasonably discovered the problems before completing the home purchase.

In essence, the Sokols are asking us to dissect the evidence from the bench trial to reach our own factual findings. That exercise is not appropriate in our substantial-evidence review. The question is not whether the trial evidence would support a different finding, but whether it supports the finding actually made. *See Raper v. State*, 688 N.W.2d 29, 36 (Iowa 2004). As the district court expressed, this case presents a "close call." But when we "broadly and liberally" construe the

district court's factual findings, we find substantial evidence to uphold its conclusion.

**AFFIRMED.**